IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NCMIC INSURANCE COMPANY<br>14001 UNIVERSITY AVENUE<br>CLIVE, IOWA 50325-8258,<br><br>      Plaintiff,<br><br>  v.<br><br>RYAN D. SMITH, D.C.,<br>1686 Newman's Cardington Road East<br>Waldo, OH 43356<br><br> and<br><br>SYNERGY CHIROPRACTIC WELLNESS<br>CLINIC, LLC<br>4250 N. High Street<br>Columbus, OH 43214<br><br>and<br><br>SUSANNE HORNER<br>106 Buttles Avenue<br>Columbus, OH 43215<br><br>and<br><br>JANE DOE<br>c/o The Durst Law Firm<br>810 Sycamore St., 2nd Floor<br>Cincinnati, OH 45202<br><br>and<br><br>JANE DOES 2-50<br>Names and addresses unknown<br><br>      Defendants | CASE NO.  18-cv-533<br><br>JUDGE<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

NOW COMES Plaintiff NCMIC Insurance Company, by and through counsel, and for its

Complaint for Declaratory Judgment alleges as follows:

## NATURE OF THE ACTION

1. NCMIC Insurance Company ("NCMIC") seeks a declaration that it does not owe a duty to defend or indemnify Ryan D. Smith, D.C. ("Smith") or Synergy Chiropractic Wellness Clinic, LLC ("Synergy Clinic") under a Professional Liability Insurance Policy (Chiropractic Malpractice) issued to Smith with respect to two lawsuits, one of which being styled a putative class action, filed in the Court of Common Pleas of Franklin County, Ohio, entitled *Susanne Horner v. Ryan D. Smith, D.C., et al.,* Case No. 18CV003645 (the "Horner Lawsuit") and *Jane Doe, on behalf of herself and all others similarly situated v. Ryan D. Smith, individually and d/b/a/ Synergy Chiropractic Wellness Center,* Case No. 18CV003487 (the "Doe Lawsuit").

## THE PARTIES

2. Plaintiff NCMIC Insurance Company ("NCMIC") is an Iowa corporation with its principal place of business in Clive, Iowa.

3. NCMIC is authorized to do business in the State of Ohio.

4. NCMIC issued a series of professional liability insurance policies to Smith from 2001 to 2018. A true and accurate copy of a recent Professional Liability—Chiropractic Malpractice Policy that was issued to Ryan D. Smith, D.C., with Policy Period from 10/03/2016 to 10/03/2017 12:01am, being Policy MP00923418 ("the Policy") is attached as **Exhibit A**.

5. Upon information and belief, Smith is an individual and has recently taken up temporary residence in Marion County, in the State of Ohio. This action concerns actions of Smith while he was a resident of Delaware County, and relate to his chiropractic practice, which was located in Franklin County, in the State of Ohio, during the time all of the below-described actions occurred.

6. Synergy Clinic is a domestic for-profit limited liability company registered in the State of

Ohio and was formed by Smith and used by Smith as the form of business for his chiropractic practice.

7. Susanne Horner is the named plaintiff in the Horner Lawsuit and is a citizen of Ohio.

8. "Jane Doe" is named plaintiff and representative party in the Doe Lawsuit, and upon information and belief is a citizen of Ohio. Jane Doe did not identify herself publicly in the complaint filed in the Doe Lawsuit, and listed her address in care of her counsel's office in Cincinnati, Ohio.

9. "Jane Does 2-50" are the individuals who may be members of the class identified in the Doe Lawsuit, and upon certification as a class, pursuant to the Ohio Rules of Civil Procedure, may have or claim an interest that would be affected by the declaration sought in this case. Upon information and belief, the "Jane Does 2-50" are, and at all times relevant hereto were, individual citizens of Ohio.

## **JURISDICTION AND VENUE**

10. This action is brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332. NCMIC is a citizen of Iowa and the Defendants are citizens of Ohio.

11. An actual controversy exists between NCMIC, on the one hand, and the Defendants, on the other hand, regarding the existence of insurance coverage in connection with the Horner Lawsuit and the Doe Lawsuit.

12. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Smith's potential liability in the Horner Lawsuit and the Doe Lawsuit (collectively the "Underlying Actions") exceeds Seventy-Five Thousand Dollars ($75,000.00) on the face of those complaints.

13. Venue is appropriate in this District under 28 U.S. C. §1391 because the Defendants

reside in this District and the insurance policy which forms the basis of this dispute was delivered to Smith in this District.

## THE FIRST UNDERLYING ACTION –
## Putative Class Action: *Jane Doe, et al. v. Smith, et al.*

14. On April 25, 2018, Jane Doe, on behalf of herself and all others similarly situated, filed suit against Smith alleging various claims including assault, battery, and sexual misconduct. Complaint, *Jane Doe, et al. v. Smith, et al.*, 18CV003487, filed April 25, 2018 (hereinafter referred to as "Doe Lawsuit"). The Doe Lawsuit is attached as **Exhibit B**.

15. On May 7, 2018 Jane Does filed an Amended Class Action Complaint in the Doe Lawsuit adding the Synergy Clinic as a named defendant. A copy of the Amended Jane Doe Class Action Complaint is attached as **Exhibit C.**

16. Jane Doe alleges that Smith "engaged in a pattern of deplorable and illegal behavior towards [Jane Doe] and over 40 other female patients" and further alleges "Smith sexually assaulted [putative class] patients. . ." Ex. B, Doe Complaint at ¶ 1.

17. Jane Doe alleges that Smith engaged in a history of inappropriate sexual conduct. Such conduct was referenced in a March 7, 2007, "Letter of Warning" from the Ohio State Chiropractic Board for Sexual Assault. *Id*. at ¶ 9. Smith was issued another Letter of Warning on March 26, 2015 from the Ohio State Chiropractic Board "which involved an incident where Defendant [Smith] failed to explain the necessity of performing a procedure that involved contact with a patient's breast." *Id*. at ¶ 10.

18. Jane Doe alleges that she (the Jane Doe class representative) was treated by Smith on four occasions in May and June 2017. In Jane Doe's second session Smith "touched Plaintiff's breasts." Jane Doe further alleges "[t]here was no therapeutic reason for [Smith] to touch Plaintiff's breasts." Jane Doe also alleged Smith "positioned Plaintiff's hand behind her back at

4

waist level...and holding Plaintiff's arm firmly in place, pressed his genitals into Plaintiff's hand." Smith then allegedly committed these acts in the same manner, and additionally once required Jane Doe to remove her clothes and wear a medical gown so that he could "manipulate the gown to expose both of her breasts." *Id*. at ¶¶ 13–21.

19. In the Amended Jane Doe Class Action Complaint, Jane Doe alleged that Defendant "engaged in a pattern of deplorable and illegal behavior towards Plaintiff and over 40 other female plaintiffs." Exhibit C, Doe Amended Complaint at ¶1.

20. Jane Doe alleges that "[a]s a result of 47 women coming forward as of April 12, 2018, Smith has (as of that same date) been criminally charged with 66 counts of gross sexual imposition." *Id*. at ¶ 29.

21. In the Amended Jane Doe Class Action Complaint, Jane Doe alleges the putative class plaintiffs are those who "suffered assault, battery, false imprisonment, intentional infliction of emotional distress, and/or invasion of privacy by Smith." *Id.* at ¶ 30(d).

22. The putative class members allege a series of claims against Smith including: assault (Ex. C, Amended Jane Doe Class Complaint, at ¶¶ 35–38), battery (*Id*. at ¶¶ 39–42), medical negligence/chiropractic malpractice (*Id.* at ¶¶ 43–54), negligent invasion of privacy (*Id*. at ¶¶ 55–61), false imprisonment (*Id.* at ¶¶ 62–66), and intentional infliction of emotional distress (*Id.* at ¶¶ 67–69).

23. NCMIC denies coverage for the original complaint filed in the Jane Doe Lawsuit.

24. NCMIC denies coverage for the amended complaint filed in the Jane Doe Lawsuit.

### THE SECOND UNDERLYING ACTION – *Horner v. Smith, et al.*

25. On May 1, 2018, Susanne Horner filed suit against Smith and the Synergy Clinic alleging various claims including assault, battery, and sexual misconduct. Complaint, *Horner v.*

5

*Smith, et al.*, 18CV003645, (hereinafter referred to as "Horner Lawsuit"). The *Horner* Complaint is attached as **Exhibit D.**

26. Horner alleges that in May 2017, Smith engaged in a pattern of sexual misconduct that included "massaging the pectoralis muscle of [Horner's] left breast in a way that made [Horner] feel uncomfortable" and "guided [Horner's] hand behind her back and placed his penis in her hand." Exhibit D, ¶¶ 7–13.

27. Horner alleges, "[t]here was no therapeutic reason for Defendant Dr. Smith to touch [Horner's] breast." *Id*. at ¶ 12.

28. Horner alleges Smith's conduct amounted to sexual assault "in an intentional attempt, without authority or consent, to harm or offensively touch Plaintiff[s]." *Id*. at ¶¶ 23–27.

29. Horner alleges Smith's conduct further amounted to sexual battery when he "engaged in intentional contact with Plaintiff's breast and intentionally placed his penis in her hand, without her authority or consent" and that he "acted with actual malice." *Id*. at ¶¶ 28–33.

30. Horner alleges Smith's conduct was also negligent through his conduct and failure to obtain informed consent. *Id*. at ¶¶ 34–42.

31. Horner alleges intentional infliction of emotional distress against Smith as he "engaged in extreme and outrageous conduct" and demonstrated "reckless indifference" as to whether his conduct would cause harm. *Id*. at ¶¶ 43–46.

32. NCMIC denies coverage for the complaint filed in the Horner Lawsuit.

## THE NCMIC POLICY

33. NCMIC issued a Professional Liability Insurance Policy, number MP00923418, to Smith for the policy period 10/03/2016 to 10/03/2017. A true and accurate copy of the Policy is attached as **Exhibit A**.

6

34. Smith is the only "Person Insured" under the Policy. Ex. A., "Coverage Agreement", "Definitions," "Persons Insured" and "Professional Liability Declarations."

35. Synergy Clinic is not an Insured under the Policy.

36. The Policy contains the following Coverage Agreement:

**Coverage Agreement**

1. **We** will pay on behalf of an **insured** all sums to which this insurance applies and for which an **insured** becomes legally obligated to pay **damages** because of an **injury**. The **injury** must be caused by an accident arising from an **incident** during the **policy period**. The **injury** must also be caused by an **insured** under this policy.

2. **We** will also on behalf of the entity listed on the Declarations all sums for which this instance applies and which the entity becomes legally obligated to pay as **damages** because of an **injury**. The **injury** must also be caused by **you** or by an employee or independent contractor for whose **professional services** the entity is legally liable. The entity will share the limit of liability stated in the Declarations with **you**.

Ex. A, at 4 (emphasis in original, emboldened words are defined terms under the policy).

37. The Policy contains the following definitions:

   1. **Claim** means a written demand for money or services arising from an alleged **injury** to which this insurance applies.

   \* \* \* \* \* \*

   3. **Injury** means bodily injury, sickness, disease or death sustained by any one person.
   \* \* \* \* \* \*

   5. **Incident** means any negligent omission, act or error in the providing of **professional services** by an insured or any person whose omissions, acts or errors an **insured** is legally responsible. All such omissions, acts or errors causally related to the rendering of or failure to render **professional services** to one person shall be considered one **incident**. Casually related acts, errors and omissions includes acts, errors and omissions that have a common cause or form a causal chain of events. An **incident** shall be deemed to have occurred at the time of the earliest act, error or omission comprising that **incident**.

\* \* \* \* \* \*

>**8. Professional Services** means services which are within the scope of practice of a chiropractor in the state or states in which the chiropractor is licensed.

38. The Policy contains the following exclusions:

>**Exclusions**
>
>Despite any other provision of this policy, this policy does not apply to **claims** arising out of, based upon, or attributable to any of the following:
>
>>A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime.
>
>\* \* \* \* \* \*
>
>>F. Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act.
>
>\* \* \* \* \* \*
>
>>O. The intentional infliction of **injury**.
>
>\* \* \* \* \* \*
>
>>Q. Punitive or exemplary **damages**, fines, penalties imposed by law, or matters uninsurable under law pursuant to which this policy is construed, unless the law of the state in which the **insured** is licensed to practice prohibits such exclusion.

39. The Policy contains an endorsement entitled "Supplemental Legal defense Endorsement" which provides supplemental coverage, limited to twenty-five thousand dollars ($25,000.00) for **defense costs** incurred by the insured in certain **covered proceedings.** "The coverage available under this endorsement applies. . . to a **civil proceeding for alleged sexual misconduct** which would not otherwise be subject to a defense under the terms of the Policy." The limit of liability is "$25,000.00 regardless of the number of acts alleged in any and all such **covered proceedings**. A series of acts by an **insured** that span more than one policy period, and results in one or more

8

**covered proceedings**, shall be subject solely to the limits of liability of the Supplemental Legal Defense Endorsement in force at the time the earliest act occurred." Exhibit A. Supplemental Legal Defense Endorsement.

## SMITH'S ACTIONS IN THE UNDERLYING ACTIONS ARE NOT COVERED BY HIS NCMIC POLICY

40. NCMIC incorporates by reference and realleges the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. The acts that Smith is accused of and that are attributable to him are not covered by his NCMIC Policy because these acts as alleged in the Underlying Actions are not "incidents" as defined by the Policy.

42. The acts alleged in the Underlying Actions are not "incidents" under the Policy because such actions were not rendered "in the providing of professional services," or services "which are within the scope of practice of a chiropractor" in the state of Ohio.

43. The acts alleged in the Underlying Actions are not covered under the Policy because such incidents are barred by the exclusions under the Policy.

44. Each exclusion listed in ¶ 38 of this Complaint applies to exclude the actions of Smith, as alleged in the Underlying Actions, from coverage under the Policy.

45. The allegations in the Underlying Actions are excluded from coverage under the Policy because Smith is accused of "[a]n act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime."

46. The Underlying Actions allege Smith violated the regulations of the State Chiropractic Board and therefore his conduct is and was not within the scope of practice of a chiropractor in

the state of Ohio and thus his actions were and are not **Professional Services** under the Policy..

47. The allegations in the Underlying Actions are excluded from coverage under the Policy because the gravamen of all of the allegations and complaints against Smith in the Underlying Actions can be described as: acts of "[s]exual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act" which are explicitly excluded from coverage under the Policy.

48. Under Ohio law, the allegations of negligence cannot transfer what are essentially intentional torts into something accidental that might be covered by insurance.

49. Under Ohio law an insurer has no duty to defend where the intentinal acts alleged of an insured fall outside the scope of policy coverage.

50. The allegations in the Underlying Actions are excluded from coverage under the Policy because the Underlying Actions continually state that Smith intentionally inflicted injury upon the patients. Such actions are explicitly barred by the "intentional infliction of injury" exclusion in the Policy.

51. Public policy prevents insurance contracts issued in Ohio to insure against liability for one's own intentional torts.

52. Public policy precludes liability insurance coverage for intentional acts of sexual abuse or misconduct.

53. Under the express and clear definitional and exclusory language found in the NCMIC Policy and applicable to all the allegations filed in the Underlying Actions, the scope of the allegations fail to bring the activity within policy coverage, and , therefore, NCMIC does not have a duty to defend or indemnify Smith or Synergy Clinic for the allegations made against them in the Underlying Actions.

54. No coverage is afforded by the Policy for the allegations against Synergy Clinic because Synergy Clinic is not an Insured under the Policy.

55. To the extent any requirements of the Coverage Agreement of the Policy are not satisfied, no coverage is afforded by the Policy.

56. To the extent all Policy conditions are not satisfied, no coverage obligations exist.

57. No coverage is owed under the Policy.

## CLAIM FOR DECLARATORY JUDGMENT

58. NCMIC incorporates by reference and realleges the allegations of Paragraphs 1 through 57 as though fully set forth herein.

59. Pursuant to 28 U.S.C. § 2201, there is a justiciable controversy between NCMIC and Smith. Smith has tendered his defense of the Underlying Actions to NCMIC under the NCMIC Policy.

60. NCMIC asserts it is entitled to a declaration of its rights determining that it has no duty to defend and no duty to indemnify Smith, and no duty to defend and no duty to indemnify Synergy Clinic with respect to the Underlying Actions because the Underlying Actions entail alleged actions and events that are not covered by NCMIC's Policy.

61. NCMIC requires a speedy resolution of this controversy because the Underlying Actions are currently pending in the Franklin County Common Pleas Courts.

**WHEREFORE**, NCMIC Insurance Company requests that this Court enter judgment in its favor and against all defendants:

   A. Declaring that NCMIC has no duty to defend Smith or Synergy Clinic in connection with the claims made in the "Jane Doe Class Action Lawsuit, case no. 18CV003487, under Policy MP 00923418;

B. Declaring that NCMIC has no duty to indemnify Smith or Synergy Clinic in connection with the claims made in the Jane Doe Class Action Lawsuit, case no. 18CV003487, under Policy MP 00923418;

C. Declaring that NCMIC has no duty to defend Smith or Synergy Clinic in connection with the claims made in the Horner Lawsuit, case no. 18CV003645, under Policy MP 00923418;

D. Declaring that NCMIC has no duty to indemnify Smith or Synergy Clinic in connection with the claims made in the Horner Lawsuit, case no. 18CV003645, under Policy MP 00923418;

E. Declaring that NCMIC does not owe liability coverage or any payment as to some or all of damages sought against Smith and/or Synergy Clinic in the Jane Doe Class Action Lawsuit and the Horner Lawsuit;

F. Declaring that NCMIC is under no duty to pay on behalf of Smith and/or Synergy Clinic any judgment entered against them, individually or severally, and in the Jane Doe Class Action Lawsuit and the Horner Lawsuit;

G. Declaring that NCMIC's only obligation to Smith is to provide the remaining limit of liability available under the Supplemental Legal Defense Endorsement to Policy MP 00923418; and

H. Awarding such other and further relief as the Court finds just and proper.

Respectfully submitted,

/s/ Victoria L. Vance
Victoria L. Vance (0013105)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: victoria.vance@tuckerellis.com

*Attorneys for Plaintiff NCMIC INSURANCE COMPANY*