IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NCMIC INSURANCE COMPANY, | ) CASE NO. 2:18-cv-00533-EAS-CMV |
| Plaintiff, | ) |
| | ) CHIEF JUDGE EDMUND A. SARGUS |
| v. | ) |
| | ) MAGISTRATE JUDGE CHELSEY M. |
| Ryan D. Smith, D.C., et al., | ) VASCURA |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO DISMISS (DOC. #9) ON OR BEFORE OCTOBER 1, 2018**

Pursuant to Local Rule 7.2(a) and 6.1(b), Plaintiff NCMIC Insurance Company ("NCMIC"), by and through its counsel, requests that this Court grant NCMIC leave to file a *Sur-Reply* brief in opposition to Defendant Jane Doe's ("Doe") Motion to Dismiss **on or before October 1, 2018** for good cause as NCMIC demonstrates below.[1] NCMIC requests additional time to further investigate new arguments raised by Doe.

Under Local Rule 7.2(a), this Court may permit a party to file a sur-reply brief "upon leave of court for good cause shown." This Court has found good cause where the replying party raised an issue for the first time in a reply brief. *See Geiger v. Pfizer, Inc.*, 271 F.R.D 577, 580–581 (S.D. Ohio 2010). Good cause has also been found where the party seeking to file a sur-reply wanted to "clarify misstatements" contained within the reply brief. *Guyton v. Exact Software N. Am.*, No. 2:14-CV-502, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015). Finally, this Court has even permitted sur-replies where the party seeking to file a sur-reply failed to demonstrate

---

[1] NCMIC requests this date as it will be fourteen days from the filing of Doe's reply brief, the same time allotted for a reply brief under Local Rule 7.2(a)(2) and was the same amount of time granted to Doe as further extension to file her reply. ECF No. 11.

good cause, but the Court found the moving party "will suffer no prejudice by the filing of the sur-reply." *Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 930 (S.D. Ohio 2007) (noting "in this circuit, there is a strong preference that claims be adjudicated on their merits.") (internal citations omitted).

NCMIC notes there is good cause to permit additional briefing as Doe misrepresents the current status of the state court litigation between her, Defendant Ryan Smith ("Smith"), and NCMIC. In her Reply brief, Doe implies NCMIC could have been an active litigant in Doe's underlying state court matter. *See* Doe's Reply in Support of Motion to Dismiss, ECF No. 13, at 1–3 ("Doe's Reply"). Yet, NCMIC disputes it has any duty to defend Smith in that suit. Further, NCMIC notes that it has not yet been served, and has had no participation in that suit whatsoever. When served, NCMIC plans to immediately move to dismiss Doe's claims against NCMIC as Doe is not permitted to file such an action under Ohio Revised Code 2721.02(B) until Doe secures a final judgment against the alleged tortfeasor, Smith. *See* Pl.'s Opp. to Doe's Mot. to Dismiss, at 14–15.

Further, Doe claims that NCMIC has "waived any right to object to Doe's declaratory judgment action under RC 2721.02(B)" by naming Doe as a defendant to this suit for the first time. While further investigation is required, NCMIC strongly objects to this claim. Doe's Reply in Support of Mot. to Dismiss at 3, ECF No. 9. Doe was named in the present matter in accordance with Revised Code 2721.12, which states in relevant part: "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Accordingly, NCMIC named Doe as a defendant to this suit because it was required by statute. Further, NCMIC named each known state-court plaintiff with virtually identical claims against

2

Smith related to his alleged sexual assault as a defendant to this suit in order to consolidate and create judicial efficiency. If NCMIC were to file declaratory actions in each applicable state action as Doe would seem to suggest, its hopes for a single, clear declaration as to the rights between NCMIC and Smith would be defeated.

Finally, Doe will not be prejudiced by NCMIC being given an opportunity to respond to misstatements and arguments not raised by Doe in her prior briefings in support of her Motion to Dismiss. Additionally, Doe herself requested that the briefing schedule on this motion to dismiss be extended for her convenience.

Accordingly, NCMIC requests that this Court grant it leave to file a Sur-Reply in Opposition to Doe's Motion to Dismiss on or before October 1, 2018.

        Respectfully submitted,

        /s/ Victoria L. Vance
        Victoria L. Vance (0013105)
        TUCKER ELLIS LLP
        950 Main Avenue
        Suite 1100
        Cleveland, OH 44113
        Telephone:   216.592.5000
        Facsimile:   216.592.5009
        E-mail:   victoria.vance@tuckerellis.com
        *Attorneys for Plaintiff NCMIC Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2018, a copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO JANE DOE'S REPLY IN SUPPORT OF HER MOTION TO DISMISS (DOC. #9) ON OR BEFORE OCTOBER 1, 2018 was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Victoria L. Vance
Victoria L. Vance (0013105)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Tel:  216.592.5000
Fax:  216.592.5009
E-mail:  victoria.vance@tuckerellis.com

*Attorneys for Plaintiff NCMIC Insurance Company*