UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NCMIC INSURANCE COMPANY,**

    **Plaintiff,**

                                          Civil Action 2:18-cv-533
                                          Chief Judge Edmund A. Sargus, Jr.
    v.                                  Magistrate Judge Chelsey M. Vascura

**RYAN D. SMITH, D.C.,** *et al.***,**

    **Defendants.**

## REPORT & RECOMMENDATION and SHOW CAUSE ORDER

The Court previously ordered Plaintiff to show cause why the claims against Defendant Ryan Smith, D.C. ("Smith") should not be dismissed for want of prosecution due to Plaintiff's failure to request an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 16.) In response, Plaintiff filed the instant Motion for Default Judgment and Response to Show Cause Order. (ECF No. 19.) For the reasons that follow, Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**.

The Court cannot enter default judgment because Plaintiff did not first apply for and obtain an entry of default from the Clerk. An entry of default is distinct from entry of a default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); S.D. Ohio Civ. R. 55.1(b). By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in Rule 55. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under

1

Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." (citation omitted)). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may *then* enter default judgment.'" (emphasis added)) (quoting *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)).

Accordingly, without expressing any opinion as to whether Plaintiff is entitled to an entry of default or subsequent default judgment, Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. (ECF No. 19.) Plaintiff is further **ORDERED** to **SHOW CAUSE** why the claims against Smith should not be dismissed for want of prosecution **WITHIN FOURTEEN (14) DAYS** of the date of this Order unless it has applied for an entry of default from the Clerk in the interim.

Additionally, Plaintiff was ordered to show cause why the Court should not dismiss this action as against Defendant Synergy Chiropractic Wellness Clinic, LLC ("Synergy Chiropractic") for failure to timely effect service under Federal Rule of Civil Procedure 4(m). (ECF No. 16.) In its response to the show cause order, Plaintiff states that it attempted service via FedEx on Synergy Chiropractic at the address listed with the Ohio Secretary of State for its registered agent, Ryan Smith, but that the Complaint and Summons were returned by FedEx as undeliverable. (Pl's Resp. 2, ECF No. 19.) Plaintiff states that it is accordingly unable to effect service as it believes there is no longer a business of that name at its registered address. (*Id.*)

As noted above, Ryan Smith, Synergy Chiropractic's registered agent, is also a Defendant in this case. He failed to timely answer Plaintiff's Complaint or otherwise appear; however, he did execute a waiver of service of summons, which Plaintiff filed with the Court.

2

(ECF No. 5.) Plaintiff does not explain why it did not also forward a waiver of service of summons for Synergy Chiropractic at the same time it forwarded one to Ryan Smith. Regardless, it does not appear that Plaintiff intends to attempt further service on Synergy Chiropractic. It is therefore **RECOMMENDED** that this Plaintiff's claims against Synergy Chiropractic be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE