IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NCMIC INSURANCE CO.,**

    **Plaintiff,**

v.

    Civil Action 2:18-cv-533
    **CHIEF JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Chelsey M. Vascura**

**RYAN D. SMITH, D.C.,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Jane Doe's ("Defendant Doe") Motion for Discovery Pursuant to Federal Rule of Civil Procedure ("Rule") 56(d) (ECF No. 48); and Plaintiff NCMIC's ("Plaintiff") Response in Opposition to Defendant Doe's Motion for Discovery (ECF No. 49).[1] For the reasons that follow, Defendant Doe's Motion for Discovery Pursuant to Rule 56(d) is **DENIED**. (ECF No. 48).

I.

### A. Factual Background

Plaintiff is an Iowa insurance corporation, with its principal place of business in Clive, Iowa. (Pl.'s Compl. ¶ 2, ECF No. 1). From 2001 to 2018, Plaintiff issued a series of professional liability insurance policies to Defendant Ryan D. Smith ("Defendant Smith"). (*Id.* ¶ 4). Defendant Smith is a resident of Delaware County, Ohio, with a chiropractic practice located in Franklin County, Ohio. (*Id.* ¶ 5). At the time the relevant facts arose, Defendant Smith was

---

[1] Plaintiff filed its Response in Opposition to Defendant Doe's Motion for Discovery jointly with its Reply in Support of its Motion for Summary Judgment. (ECF No. 49).

covered by Plaintiff's Professional Liability Insurance Policy ("the Policy"), number MP00923418, for a policy period from October 3, 2016 to October 3, 2017. (*Id.* ¶ 33).

The present case arises from an underlying state court action. On April 25, 2018, Defendant Doe filed a Class Action Complaint against Defendant Smith in the Franklin County Court of Common Pleas on behalf of herself and others similarly-situated. (Exhibit B, ECF No. 1-3). On May 31, 2018, Defendant Doe filed an Amended Class Action Complaint, alleging claims of: (1) assault, (2) battery, (3) medical negligence or chiropractic malpractice, (4) negligence for failure to obtain informed consent, (5) negligent invasion of privacy, (6) false imprisonment, and (7) intentional infliction of emotional distress. (Exhibit C, ECF No. 1-4).

In her Amended Complaint, Defendant Doe alleged that Defendant Smith sexually assaulted her and over 40 other female patients during the course of his chiropractic treatment. (Amended Class Action Compl. ¶ 1, Exhibit C). Defendant Doe further alleged that Defendant Smith "acted negligently, and committed additional common law torts" against the potential class. (*Id.*). Specifically, Defendant Doe claimed that at treatment sessions between May 2017 and June 2017, Defendant Smith touched her breasts and "positioned [her] hand behind her back at waist level . . . and holding [her] arm firmly in place, pressed his genitals into [her] hands." (*Id.* ¶ 20). Defendant further claimed that Defendant Smith once required her to wear a medical gown so that he could "manipulate the gown to expose both of her breasts." (*Id.* ¶ 23).

## B. Procedural History

Plaintiff filed the instant action on May 31, 2018, seeking a declaratory judgment that it has no duty to defend, indemnify, or otherwise offer liability coverage to Defendant Smith in connection with any claims asserted by Defendants Doe and Horner. (Pl.'s Compl. ¶ A–H). On July 31, 2018, Defendant Doe filed a Motion to Dismiss Plaintiff's Complaint, or alternatively, a

Motion to Stay Proceedings pending the conclusion of the underlying state court litigation. (ECF No. 8). The Court denied Defendant Doe's Motion to Dismiss or Stay Proceedings on March 21, 2019. (ECF No. 50).

On January 31, 2019, Plaintiff moved for summary judgment. (ECF No. 41). Defendant Smith and Defendant Horner each filed a Response in Opposition on February 20, 2019 and February 21, 2019 respectively. (ECF Nos. 46 & 47). On February 21, 2019, Defendant Doe filed a Motion for Discovery Pursuant to Rule 56(d). (ECF No. 48). On March 6, 2019, Plaintiff filed a joint Reply in Support of its Motion for Summary Judgment and Response in Opposition to Defendant Doe's Discovery Motion. (ECF No. 49). Defendant Doe did not file a Reply brief to Plaintiff's Response in Opposition. Accordingly, Defendant Doe's Discovery Motion is ripe for review.

## II.

"Rule 56(d), formerly Rule 56(f), establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment." *Whiteside v. Collins*, No. 2:08-CV-875, 2012 WL 2374723, at *1 (S.D. Ohio June 22, 2012). It aims to "give effect to the well-established principle that 'the plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.'" *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). The Rule provides that:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> 1. defer considering the motion or deny it;
>
> 2. allow time to obtain affidavits or declarations or to take discovery; or

3

3. issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis in original).

Whether to grant a motion for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009). When exercising its discretion, the trial court may consider the following factors:

> when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would ... change[ ] the ruling ...; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Wilson v. Ebony Construction LLC*, No. 2:17-CV-1071, 2018 WL 4743063, at *3 (S.D. Ohio Oct. 2, 2018) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–1197 (6th Cir. 1995); *Cressend v. Waugh*, No. 2:09-CV-1060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011)). The Court may deny a Rule 56(d) motion where the requesting party "makes only general and conclusory statements in his affidavit regarding the needed discovery, [or the affidavit] lacks any details of specificity." *Ball*, 385 F.3d at 720.

### III.

Defendant Doe filed an affidavit attesting to the following: "For the reasons explained in detail in Doe's motion pursuant to Rule 56(d), Doe is unable to present facts essential to justify her opposition to Plaintiff NCMIC Insurance Company's motion for summary judgment and therefore has a need to conduct discovery in order to uncover key material facts." (Durst Aff. ¶ 3, ECF No. 48-1). In Defendant Doe's view, the Court "may arguably be in a position to decide whether [Plaintiff] is obligated to *defend* [Defendant] Smith in the state court cases." (Mot. for Discovery at 6, ECF No. 48) (emphasis in original). However, Defendant Doe avers that

4

additional discovery is needed before the Court "can properly address whether [Plaintiff] is required to *indemnify* [Defendant] Smith." (*Id.*) (emphasis in original).

Specifically, Defendant Doe maintains that summary judgment is premature because Plaintiff:

> seeks a declaration that it is not required to indemnify [Defendant] Smith from a judgment in [Defendant] Doe's favor before any such judgment has been rendered, *before the facts giving rise to the judgment have been established, before any trial has taken place, before any factual findings have been made, before any conclusions of law have been made, and before it has been judicially determined whether [Defendant] Smith acted criminally, tortuously, or negligently.*

(*Id.* at 7). Defendant Doe asks the Court to either: (1) deny Plaintiff's Motion for Summary Judgment, or (2) hold Plaintiff's Motion in abeyance until there is a final judgment in Defendant Doe's underlying state case. (*Id.* at 9).

Plaintiff argues there is no reason for the Court to delay ruling on its Motion for Summary Judgment. (Opp'n to Discovery Mot. at 8, ECF No. 49). Plaintiff cites *Lanton v. Ocwen Loan Servicing, LLC*, 2017 WL 1386375, No. 3:15-CV-372, at *6 (S.D. Ohio Apr. 17, 2017), in which this Court held that where additional discovery would not change the outcome of a motion, the Court may deny a Rule 56(d) motion. *See also Plott*, 71 F.3d at 1196–1197 (considering whether additional discovery would change the outcome when determining whether to grant a Rule 56(d) motion). Here, Plaintiff contends that additional discovery is not necessary. In Plaintiff's view, "there are no facts alleged as currently drafted in the Doe and Horner underlying state court actions that could create any duty by [Plaintiff] to defend and/or indemnify [Defendant] Smith in those suits." (Opp'n to Discovery Mot. at 8).

Defendant Doe's arguments are not well taken. Rule 56(d) requires the "nonmovant [to] show by affidavit or declaration that, *for specified reasons*, it cannot present facts necessary to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added). As the Sixth Circuit noted in

5

*Ball*, 385 F.3d at 721, the nonmovant's affidavit must "show how an extension of time [would allow] information related to the truth or falsity of the [case] to be discovered." Quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999). *See also Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000) (affidavit stating "'if given the opportunity to conduct [further] discovery' the Cacevics would be able to successfully oppose the defendants' summary judgment motion" was too vague and conclusory to satisfy Rule 56(d)).

Here, Defendant Doe fails to provide a specific explanation of what discovery is needed. Rather than providing the Court with a description of the documents, depositions, affidavits, or other evidence required to support her Response in Opposition, Defendant Doe broadly asserts she needs all "discovery as would be conducted in the state case." (Opp'n to Discovery Mot. at 8). According to Defendant Doe, this necessary discovery includes any "judgment, any deposition testimony by [Defendant] Smith, any findings of fact, any conclusions of law, or any declaratory judgment issued in the state court case as to whether [Defendant] Smith acted negligently and whether [Plaintiff] is obligated to indemnify him." (*Id.* at 7).

Analogizing the instant action to the affidavit in *Cacevic*, the Court finds that Defendant Doe's assertions are too vague and conclusory to justify additional discovery. Not only does Defendant Doe's affidavit fail to provide concrete examples of the discovery sought, it also fails to explain why the conclusion of the underlying state action is necessary. The Court previously declined to dismiss Plaintiff's declaratory judgment action, noting that "Plaintiff may not assert a declaratory judgment action in state court until and unless judgment is entered against Defendant Smith." (Op. & Or. at 25, ECF No. 50). In the Court's view, awaiting a liability judgment in state court would effectively bar Plaintiff from arguing it has no duty to defend Defendant Smith. (*Id.*). Holding Plaintiff's Motion for Summary Judgment in abeyance pending a final judgment

6

in state court would have the same effect. Accordingly, the Court declines to deny or defer Plaintiff's Motion for Summary Judgment pursuant to Rule 56(d).

## IV.

For the reasons stated above, Defendant Doe's Motion for Discovery Pursuant to Rule 56(d) is **DENIED**. (ECF No. 48). Defendant Doe is **DIRECTED** to file her Response in Opposition to Plaintiff's Motion for Summary Judgment within 7 days of the date of this Opinion and Order. Plaintiff is **DIRECTED** to file its Reply brief no later than 7 days after Defendant Doe files her Response in Opposition.

**IT IS SO ORDERED.**

5-2-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE